MADDOCK *v.* COXON *et al.*

*(Circuit Court, D. New Jersey.* March 24, 1891.)

PATENTS FOR INVENTION—INFRINGEMENT—CONSTRUCTION OF CLAIM.

The protection of letters patent is limited by the language of the claim, and letters patent No. 229,326, to Thomas Maddock, June 29, 1880, for "a flushing device for water-closet bowls," to provide a more secure joint for the metallic supply pipe, consisting of an earthenware flushing pipe passing through the side of the bowl, and being joined thereto, having an annular recess at the outer end, in which shall be permanently secured a flanged metallic tube, provided upon its projecting portion with a screw-thread for receiving coupling nut, in which the claim is made for "the earthenware nozzle, *b*, of the flushing-device, provided at its outer end with the interior annular conical recess, *b'*, in combination with the flanged metallic coupling pipe, *C*, and the annular mass of cement, *c*, substantially as and for the purposes set forth," is not infringed by the use of a device similar in every respect, except that instead of the interior recess at the outer end of the earthenware pipe being conical in its shape, with its apex nearest the outer edge of the recess, the defendants have cut away the overhanging wall of the cavity of the conical on both sides, changing it to a rectangle so as to admit the flanges of the metallic pipe, but leaving enough of it to perform a locking function after the parts have been placed together, and the spaces between filled with cement.

In Equity. On bill for injunction.
*F. C. Lowthorp* and *Edwin H. Brown*, for complainant.
*W. P. Preble, Jr.*, for defendants.

GREEN, J. The bill in this cause is filed to enjoin the defendants from infringing letters patent No. 229,326, granted to the complainant, Thomas Maddock, for "a flushing device for water-closet bowels," and bearing date June 29, 1880. In the specifications of the patent it is declared that the object of the invention was twofold, to-wit: *First*, to simplify the construction and mode of application to water-closet bowls of the devices by which the flushing water is introduced; and, *secondly*, to provide a more secure joint for the metallic supply pipe with the outer end of the earthenware flushing pipe. The first part of the invention was said to consist "of an earthenware flushing pipe, which is inserted bodily through the side of the bowl, and joined thereto by the union of the wall of the bowl with the periphery of the flushing pipe. The flushing pipe is introduced at the proper angle to enable it to direct a jet of water against the inner wall of the bowl near the top, and the inner end of the flushing pipe takes the place of fans or spreaders heretofore employed." The second part of the invention was described as consisting "in forming a conical annular recess at the outer end of the flushing pipe, and in permanently securing therein a flanged metallic tube, provided upon its projecting portion with a screw-thread for receiving an ordinary coupling nut."

The patentee makes two claims only:

"(1) A flushing device for an earthenware water-closet bowl, consisting of an earthenware tube inserted bodily through a hole in the side of the bowl, and joined thereto by the union of the material composing the edges of the hole in the side of the bowl, with the material composing the periphery of the flushing pipe, substantially as described. (2) In a water-closet bowl, the earthenware nozzle, *b*, of the flushing device, provided at its outer end with

the interior annular conical recess, *b'*, in combination with the flanged metallic coupling pipe, *C*, and the annular mass of cement, *c*, substantially as and for the purposes set forth."

The bill charges that the defendants have made, used, and sold flushing devices for water-closet bowls which contain and employ substantially the invention of the complainant, and prays an injunction and account. The defenses are non-infringement and anticipation, as shown by prior patents and prior use.

The complainant in the present suit abandons his first claim, and rests his right to relief wholly upon the second. That claim, stripped of technical words, is for an internal coupling, made up of three elements, each possessing certain necessary and distinguishing characteristics. The first element is an earthenware nozzle, with a recess; the second is a coupling pipe, to be inserted in the recess of the earthenware nozzle; and the third is a mass of cement, to hold the pipe and earthenware device together, to "seal the joint," as it is termed. The recess of the earthenware nozzle is described as having three necessary characteristics: (1) It is interior; (2) it is annular; (3) it is conical. The necessary characteristics of the coupling pipe are two: (1) It is metallic; (2) it is flanged. And the mass of cement, used to seal the joint between the pipe and the nozzle, is described as annular. The specification of the letters patent, already quoted, specify and emphasize these necessary peculiarities of the combination:

"The second part of my invention consists in forming a conical annular recess, at the outer end of the flushing pipe, and in permanently securing therein a flanged metallic tube, provided upon its projecting portion with a screw-thread for securing an ordinary coupling nut."

The answer to the question whether certain letters patent are infringed is to be sought for and found in their proper and legal construction. To construe letters patent is to determine with precision the nature, scope, and character of the invention alleged to be comprehended and secured thereby. A primary canon of construction is that nothing described in letters patent is secured to the patentee unless there be in the letters a valid claim covering it. Hence the proper and legal construction of letters patent depends, necessarily, upon the construction of the claims made in them. And it follows that the claim thus becomes the sole criterion, so far as the rights of the patentee are concerned, and by it must be tested the extent and scope of the grant which the letters evidence.

*Keystone Bridge Co.* v. *Phœnix Iron Co.*, 95 U. S. 274, is an instructive case upon this point. In that case the letters patent were for "improvement in iron truss bridges," and the invention was said to consist—

"First, in a novel construction of the lower chords, and mode of applying the same, in combination with the posts and other parts of the truss. The bottom chords are each composed of a series of wide, thin eye-bars of wrought iron, of a length corresponding with the distances between the posts on one side of the truss, placed on edge to enable them to give vertical support to the road-way."

The claim in the letters patent was as follows:

"I do not claim the use of eye-bars or links as chains of suspension bridges; but what I claim as my invention, and desire to secure by letters patent, is the construction of the lower chords of truss bridges of series of wide and thin drilled eye-bars, applied on edge between ribs, on the bottom of the posts, connected by pins, supported on the diagonal tensive braces, all substantially as herein described."

The alleged infringement was the use of round or cylindrical eye-bars, flattened and drilled at the eye, in the lower chords of iron truss bridges. Mr. Justice BRADLEY, in construing this claim of the patent, uses the following language:

"Words cannot show more plainly that the claim of the inventor does not extend to any other eye-bars or chords than such as are made wide and thin, and applied on edge. As those constructed by the defendant are cylindrical in form, only flattened at the eye for insertion between the ribs or projectors of the posts, it is plain that no infringement has been committed."

And again:

"Here, again, the patentees clearly confine themselves to wide and thin bars. It is plain, therefore, that the defendant company, which does not make said bars at all, does not infringe this claim of the patent. When a claim is so explicit, the courts cannot alter or enlarge it. If the patentees have not claimed the whole of their invention, and the omission has been the result of inadvertence, they should have sought to correct the error by the surrender of their patent, and an application for a reissue. They cannot expect the court to wade through the history of the art, and spell out what they might have claimed, but have not claimed."

Again:

"When the terms of a claim in a patent are clear and distinct, (as they always should be,) the patentee, in a suit brought upon the patent, is bound by it. He can claim nothing beyond it."

In other words, the claims of letters patents are not to be broadened or made more comprehensive by construction than the plain meaning of the language used justifies. The making of the claim is an act of the inventor, with which the public can have nothing to do. He alone makes it. He alone has knowledge of the character and the nature and the scope of his invention. In applying for letters patent to protect his invention, he is at liberty to describe what he claims, in such words and with such precision as he chooses, consistent with the fact. He may broaden his claim, or he may limit it, as to him seems best. Having once perfected it, however, and having obtained its approval by proper authority, it is forever fixed and unchangeable. He has himself marked out the boundary, and by that boundary must he be limited. Within that boundary his right is supreme, and he may be sure that all who surreptitiously intrude will be severely dealt with as trespassers. Beyond that boundary the inventor has no right peculiar to himself for the courts to protect.

Applying, then, these principles to the claim of the complainant's patent, now under consideration, it seems apparent that one of the characteristics of the earthenware nozzle, relied upon as absolutely essential

by the inventor, is that the recess upon it should be "conical" in form. This is clear both from the claim and the specification. By so minutely describing this recess, the patentee practically abandoned to the public all forms of recesses in combination with earthenware nozzles, in use in connection with water-closet bowls, which were essentially different in shape. By his repeated use, in specification and claim, of the word "conical," he clearly expresses his own idea as to the invention he has made, and plainly fixes a limit to what he desires to secure to himself. The recess must be a cone in which the apex is nearest the outer edge of the recess, and the base must form the lower bottom. The language which the patentee uses in stating his claim and in describing his device is so plain and unambiguous there can be no mistaking the meaning or scope. There is no room for other construction.

Now, it is very certain from the proofs that the defendants do not use in their device such a recess. The expert witness for the complainant, in striving to demonstrate an infringement, thus describes the defendant's device:

"What the defendants have done has been to change the form of the 'overhanging wall' of the recess in the earthenware nozzle. They have cut away the opposite portions [sides] of the 'overhanging wall' of the cavity in complainant's nozzle, so that the space for the reception of the flange of the metallic pipe is substantially rectangular. They have retained a sufficient portion of the overhanging wall of complainant's nozzle to enable such overhanging wall to perform its share of the locking function after the parts have been placed together, and the spaces between the flanged pipe and wall of the cavity are filled with sulphur."

It is noticeable that this witness nowhere speaks of a "conical recess," but of "an overhanging wall," by which he means that, the recess being conical, the line of the surrounding material will at the top of recess overhang the line of the surrounding material at the bottom. This is necessarily true. But he very greatly widens the scope of the patent by the skillful use of those words. Nowhere in the patent is an "overhanging wall" spoken of. The witness admits that the terms "overhanging wall" and "conical recess" are not at all synonymous; that those words which he uses are not to be found in the patent, and that they are much more comprehensive as applied to the device of the complainant than the terms of description selected and used by the patentee. In other words, to make out an infringement, this zealous witness deliberately uses descriptive words and terms, admittedly more comprehensive than the words and terms of the complainant's patent, thereby seeking to enlarge its scope by construction. Had the witness used the words "overhanging wall of a conical recess," his answer would not have been in harmony with the facts. By striking off the words "of a conical recess," he seeks to secure to the complainant a monoply in the use of all overhanging walls, and their combination with and their effect upon flanged pipes inserted beneath them. The very fact that he has to resort to such construction to show infringement clearly evidences non-infringement. The truth is that the recess of the defendants' nozzle is in shape more like an

inverted $\perp$ than a cone, through the stem of which the flanged pipe is thrust, and the flange itself, by turning, caused to enter and rest upon the table of the T. In the one case it will be perceived that the flange of the pipe comes into contact with the walls of the table as soon as turned into position, and so meets resistance to its withdrawal equal to the cohesive power of the material of which the nozzle is made; but in the conical recess of the complainant's device the resistance of the overhanging wall is obtained through the medium of a connecting interlying substance.    It seems clear that the proper construction of this claim of the complainant's patent limits it to an interior annular recess, which must be conical in form.    The recess used by the defendants is admittedly rectangular. Under the authority of the *Truss Bridge Case*, cited, the defense of noninfringement is made out.    This conclusion renders it unnecessary to consider the other defenses set up.    The bill is dismissed, with costs.